**Electronically Filed
Intermediate Court of Appeals
30008
15-OCT-2010
09:45 AM**

NO. 30008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAVID ISAO KEAO, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1778)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant David Isao Keao (Keao) appeals from the Judgment of Conviction and Sentence (judgment) entered by the Circuit Court of the First Circuit (circuit court)[1] on June 30, 2009, sentencing Keao to five years of incarceration for violating Hawaii Revised Statutes (HRS) § 291C-12.5 (2007 Repl.) (Accidents Involving Substantial Bodily Injury) and to thirty days incarceration for violating HRS § 286-102 (2007 Repl.) (Driving Without a License).[2]  Keao also appeals from the circuit court's order entered on July 27, 2009 denying Keao's Motion for Reconsideration of Sentence, or in the Alternative, Motion to

---

[1]  The Honorable Randal K. O. Lee presided.

[2]  The offense of Accidents Involving Substantial Bodily Injury is a class C felony carrying a maximum length of imprisonment of five years.  HRS § 706-660 (1993).  The offense of Driving Without a License carries a maximum prison sentence of thirty days.  HRS § 286-136(a) (2007).

Withdraw No Contest Plea and to Reset Case for Trial, which Keao had brought pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35 (2003) and HRPP Rule 32(d) (2006).

Keao pled no contest to driving a vehicle on May 24, 2008, when he was involved in an accident resulting in substantial bodily injury to another person and failed to immediately stop and fulfill the requirements of HRS § 291C-14 (1993). He also pled no contest to operating the vehicle without a license.

On appeal, Keao raises three points of error in challenging the circuit court's imposition of the maximum sentences: (1) the circuit court erred in considering his "post bad act" of driving without a license, because Keao claims it was an "uncharged crime" that should not have been considered as part of his sentencing; (2) the circuit court erred in considering information about his poor probation history in connection with a prior offense on Maui, because this violated his constitutional rights of confrontation and due process, as well as the rule of law that a person must be sentenced for the acts which he presently committed; (3) the circuit court abused its discretion in not granting his post-sentence request to withdraw his no contest plea, because prior defense counsel had communicated to Keao that he would receive probation with the possibility of weekends in jail and, further, Keao claims he did not admit to the allegations of the Complaint at the sentencing hearing.[3]

Plaintiff-Appellee State of Hawai'i (State) argues that this court lacks jurisdiction because Keao's Notice of Appeal, filed on August 14, 2009, was untimely under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(b)(1) (2009). The State further argues that the circuit court's order dated July 27, 2009 is not an appealable post-judgment order under HRS § 641-11 (Supp. 2009).

---

[3] Keao has not asserted ineffective assistance of counsel as an issue on appeal. Therefore, we address the effectiveness of prior defense counsel's actions only as it pertains to jurisdiction.

As a threshold matter, we address the jurisdictional questions. First, we determine that this court has jurisdiction to entertain Keao's appeal from the circuit court's June 30, 2009 judgment because, although the Notice of Appeal was not filed within thirty days of the judgment, Keao's prior defense counsel "inexcusably or ineffectively" failed to pursue Keao's appeal and did not timely file a Notice of Appeal. State v. Knight, 80 Hawaiʻi 318, 323, 909 P.2d 1133, 1138 (1996) (explaining that "we have permitted belated appeals under [certain] circumstances, namely, when . . . defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]") (citation omitted) (brackets and ellipses in original); State v. Erwin, 57 Haw. 268, 269, 554 P.2d 236, 238 (1976); see also, State v. Irvine, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998). Second, we have jurisdiction to review the circuit court's July 27, 2009 order denying Keao's motion, brought in part pursuant to HRPP Rule 35, for reconsideration of sentence or in the alternative to withdraw no-contest plea and reset case for trial. See State v. Guillermo, 91 Hawaiʻi 307, 308, 983 P.2d 819, 820 (1999) (exercising jurisdiction to review a defendant's appeal "from the circuit court's denial of his motion for re-sentencing filed . . . pursuant to [HRPP] Rule 35"); see also State v. De Guair, 108 Hawaiʻi 179, 118 P.3d 662 (2005); State v. Kamanao, 103 Hawaiʻi 315, 82 P.3d 401 (2003); State v. Brantley, 99 Hawaiʻi 463, 56 P.3d 1252 (2002).

With respect to the merits of Keao's appeal, upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Keao's points of error as follows:

1. Keao incorrectly contends that the circuit court sentenced him based in part on "uncharged offenses, i.e., driving without a license on a different date from the date of May 24, 2008 in the instant case." Rather, the Presentence Diagnosis and

Report (Presentence Report) relied upon by the circuit court establishes that, two months after the current incident, Keao was again arrested for Driving Without a License and that he subsequently pled guilty as charged.  At the sentencing hearing in this case, both the State and the defense acknowledged having received the Presentence Report and made no additions or corrections to it.  We conclude that Keao's subsequent guilty plea to Driving Without a License, reflected in the Presentence Report, was "highly relevant" information that the circuit court was entitled to consider in determining an appropriate sentence. Keawe v. State, 79 Hawai'i 281, 288, 901 P.2d 481, 488 (1995) (holding that a subsequent conviction could be considered in sentencing, and stating that "an updated presentence report containing information about the defendant's conduct which occurred subsequent to an original sentencing hearing is highly relevant to individualizing a particular sentence to a particular defendant").

2.  The circuit court did not err in considering Keao's poor probation history for a prior offense, as reflected in the Presentence Report.  Although Keao contends on appeal that he should have been given an opportunity to cross-examine the probation officer involved in the prior offense "to contest the alleged 'poor' probation on Maui," we note again that the contents of the Presentence Report were not challenged at the sentencing hearing.  Moreover, HRS § 706-606 (1993)[4] requires the

---

[4]  HRS § 706-606 provides as follows:

§706-606 **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:
   (1)  The nature and circumstances of the offense and the history and characteristics of the defendant;
   (2)  The need for the sentence imposed:
      (a)  To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
      (b)  To afford adequate deterrence to criminal conduct;
      (c)  To protect the public from further crimes of the defendant; and

(continued...)

4

sentencing judge to take into account the "history and characteristics of the defendant[.]" See Keawe, 79 Hawai'i at 285, 901 P.2d at 485 ("when exercising its broad discretion to impose any particular sentence so as to fit the punishment to the offense as well as the needs of the individual defendant and the community, the sentencing court [is] obligated to consider the HRS § 706-606 'factors' as part of its decision making process") (quoting State v. Gaylord, 78 Hawai'i 127, 149, 890 P.2d 1167, 1189 (1995)) (brackets in original).

3. The circuit court did not abuse its discretion in denying Keao's request, made post-sentence, to withdraw his no contest plea. In this circumstance, "only a showing of manifest injustice will entitle the defendant to withdraw his or her plea" and a trial court's denial of such a motion "will not be disturbed on appeal unless abuse of discretion is clearly shown." State v. Kido, 109 Hawai'i 458, 461, 128 P.3d 340, 343 (2006); see also HRPP Rule 32(d). Although Keao contends that he relied on the circuit court's stated intention regarding sentencing, which Keao claims his counsel communicated to him to be probation with some jail possible on weekends, the record does not support this claim. First, at the change of plea hearing, Keao confirmed that he had not been made any promises in return for his no contest plea.[5] Second, the circuit court made a specific finding

---

[4](...continued)
        (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) The kinds of sentences available; and
    (4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

[5] At the change of plea hearing, the following is part of the exchange between the circuit court and Keao:

> Q. Do you understand that by pleading no contest, there will be no trial, I will in essence find you guilty and sentence you without a trial?
>
> A. Yes.

(continued...)

that it made no promises as to sentencing. Rather, during a pre-trial conference, the circuit court informed Keao's counsel that the court would consider probation with possible jail on weekends only *if* the defense presented evidence that Keao had stopped after the subject accident and had called 911 for help, as the defense claimed. In other words, although it was uncontested that Keao did flee the scene in violation of HRS § 291C-12.5, the circuit court indicated that if Keao initially stopped and called 911, those would be mitigating factors for sentencing purposes. The defense thereafter made efforts to obtain evidence, but could not show at the time of sentencing that Keao had stopped and called 911 after the accident.

We also disagree with Keao's argument relying on State v. Smith, 61 Haw. 522, 606 P.2d 86 (1980), that because he continued to assert at sentencing that he initially stopped and called 911, the trial court should have allowed him to withdraw his no contest plea after the sentence was imposed. Keao did not protest his innocence while pleading no contest. That is, he did not challenge the fact that he did ultimately flee the scene of the accident without meeting the requirements of HRS § 291C-14, which is the basis for violating HRS § 291C-12.5. As noted above, if Keao initially stopped and called 911 before leaving the scene, those would be mitigating factors for sentencing. However, they would not be defenses to the charged offense.

---

[5](...continued)

> Q. Do you understand that after you are sentenced, you cannot come back and say I want my trial because I didn't like the sentence I got?
>
> A. Yes, sir.
>
> . . .
>
> Q. Are you pleading no contest of your own free will?
>
> A. Yes, I am.
>
> Q. Has anyone made any promises to you in return for your no contest plea?
>
> A. No.

Further, Keao sought to withdraw his no contest plea after his sentence was imposed. For these reasons, <u>Smith</u> is not applicable.

Therefore,

IT IS HEREBY ORDERED that the circuit court's June 30, 2009 judgment, as well as the July 27, 2009 order denying Keao's Motion for Reconsideration of Sentence, or in the Alternative, Motion to Withdraw No Contest Plea and to Reset Case for Trial, are both affirmed.

DATED: Honolulu, Hawaiʻi, October 15, 2010.

On the briefs:

Daphne E. Barbee
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

7